UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :       17 Cr. 262 (LGS)
              -against-                                     :
                                                            :       ORDER
ALBERT FOOZAILOV,                                           :
                                        Defendant.          :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

**Background**

  WHEREAS, on May 22, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 626). On June 1, 2020, the Government filed a response in opposition (Dkt. No. 630). By Order dated June 8, 2020, the Government was directed (i) to provide further information on the status of FCI Miami, where Defendant is currently housed, with respect to the COVID-19 pandemic, and (ii) to file under seal Defendant's Bureau of Prisons ("BOP") medical records (Dkt. No. 633). The Government provided two status letters regarding conditions at FCI Miami on June 12, 2020, (Dkt. No. 634) and on June 15, 2020, (Dkt. No. 635) and filed the medical records under seal. Defendant filed a reply on June 16, 2020, (Dkt. No. 637);

  WHEREAS, on September 28, 2018, Defendant pleaded guilty to conspiracy to commit mail fraud. On October 10, 2019, Defendant was sentenced to 66 months' imprisonment (Dkt. No. 550). Defendant surrendered to FCI Miami on January 8, 2020, and the Government represents that Defendant's current expected release date is September 13, 2024;

  WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus;

**Sentencing Factors Under Section 3553(a)**

  WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in §

3553(a) in considering whether to reduce a term of imprisonment.  These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a);

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in sentence.  The 3553(a) factors considered at the time of sentencing have not changed.  Defendant's sentence was below the guideline range when imposed.  Reducing a 66-month incarceratory sentence to six months would not accomplish the "need for the sentence imposed" "to reflect the seriousness of the offense and afford just punishment" and "to afford adequate deterrence to criminal conduct."  *See, e.g.*, *U.S. v. Haney*, 19 Cr. 541, 2020 WL 1821988, at *7 (S.D.N.Y. Apr. 13, 2020) (denying a 61-year-old defendant's motion for compassionate release where release would reduce a 42-month sentence to nine months);

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

2

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1-2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, the Centers for Medicare & Medicaid ("CDC") have identified that people of all ages with the following "underlying medical conditions, particularly if not well controlled," might be at higher risk for severe illness from COVID-19: "chronic lung disease or moderate to severe asthma," "serious heart conditions," conditions causing a person to be immunocompromised," "severe obesity (body mass index [BMI] of 40 or higher)" and "diabetes." *See Coronavirus Disease 2019 (COVID-19):  People Who Are At Higher Risk*, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.  Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19."  *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020).  *See also Haney*, 2020 WL 1821988, at *6;

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling

circumstances that warrant reducing Defendant's 66-month incarceratory sentence to six months. Defendant is 57-years old and has medical conditions that the CDC has recognized may present risk of severe complications from COVID-19: asthma, hypertension and morbid obesity. Defendant also represents that he has severe allergic rhinitis, which the CDC does not recognize as a severe risk factor. Defendant's BOP medical records substantiate Defendant's conditions. The risk of complications should Defendant contract COVID-19 is concerning. However, Defendant's BOP medical records show that the BOP is managing his conditions, which weighs against a finding of extraordinary and compelling circumstances. *See, e.g.*, *United States v. Hasan-Hafez*, 16 Cr. 221-2, 2020 WL 2836782, at *4 (S.D.N.Y. June 1, 2020) (finding no extraordinary and compelling circumstances where the defendant with "various co-morbidities that the CDC has recognized as presenting an increased risk" of severe complications with COVID-19 has worked with BOP medical professionals to manage the conditions);

WHEREAS, regarding the conditions in confinement settings, Defendant argues that BOP efforts to manage COVID-19 are "failing," citing total numbers of cases and deaths at all BOP facilities. Data regarding COVID-19 testing at FCI Miami provides some indication that BOP measures are working at Defendant's facility. *See Haney*, 2020 WL 1821988, at *6 (explaining that a limited increase in confirmed cases at the Metropolitan Detention Center provides "some indication that the BOP's efforts are working" there). As of the date of this Order, 33 inmates at FCI Miami have completed tests, two inmates are pending tests and there are zero inmates with positive tests. *See Federal Bureau of Prisons: COVID-19 Coronavirus -- COVID-19 Inmate Test Information*, at https://www.bop.gov/coronavirus. Further, the Government has provided information on testing protocols at FCI Miami -- explaining that the facility is administering COVID-19 tests to asymptomatic inmates with risk factors -- and on FCI Miami's modifications in

operations -- describing increased physical distancing between inmates, temperature screenings, daily rounds by FCI medical staff and prepared units for quarantine -- which also weigh against a finding of extraordinary and compelling circumstances.  While Defendant's medical conditions present risk factors for severe complication with COVID-19, release is not justified because the conditions appear to be managed, the BOP protocols at FCI Miami appear to be working and because "release would provide an undue windfall that would severely undermine the goals of the sentence." *U.S. v. Brady*, S2 18 Cr. 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020).  It is hereby

    **ORDERED** that for the reasons stated above, Defendant's motion for compassionate release is DENIED.  Defendant's request in the alternative -- that the Court recommend the BOP grant home confinement -- is GRANTED in part.  Defendant can pursue relief from the BOP in the form of a furlough under 18 U.S.C. § 3622 or home confinement as contemplated in the CARES Act, Pub. L. No. 116-136 (2020) and the Attorney General's April 3, 2020 memorandum to the BOP.  The BOP has complete discretion on whether to grant such requests.  The Government has confirmed that the BOP denied Defendant's request for home confinement.  Nevertheless, given Defendant's underlying health conditions, the Court recommends that the BOP consider whether temporary release would be appropriate in this case.

Dated: June 17, 2020
      New York, New York

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**