UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                  :
UNITED STATES OF AMERICA        :
                                                  :        17 Cr. 262 (LGS)
               -against-               :
                                                :        <u>ORDER</u>
ALBERT FOOZAILOV,              :
                             Defendant.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on May 22, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 626). On June 17, 2020, the motion was denied. (Dkt. No. 639).

      WHEREAS, on July 24, 2020, Defendant filed a letter motion, seeking reconsideration of his motion for compassionate release (Dkt. No. 645), which the Government opposed on July 30, 2020. (Dkt. No. 647). It is hereby

      **ORDERED** that Defendant's application is **DENIED**. Defendant's application does not meet the standard for granting a motion for reconsideration, as Defendant does not argue that the Court "failed to consider evidence or binding authority." *Van Buskirk v. United Group of Companies*, Inc., 935 F.3d 49, 54 (2d Cir. 2019). Construed as a renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the application is denied on the basis of the § 3553(a) factors.

      The Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in considering whether to grant a motion for compassionate release. Section 3553(a) requires the Court to consider what is "sufficient, but not greater than necessary, to comply with the purposes of [sentencing]." 18 U.S.C. § 3553(a). Relevant factors include: (1) "The nature and circumstances of the offense and history and characteristics of the defendant"; (2) "The need for the sentence to

reflect the seriousness of the offenses, promote respect for the law, and provide just punishment for the defendant's crimes"; (3) "The need for the sentence to afford adequate deterrence to comparable criminal conduct"; (4) "The need for the sentence to protect the public from further crimes by the defendant"; and (5) "The need to avoid unwarranted sentence disparities among similarly situated defendants." *See* 18 U.S.C. § 3553(a).

    The § 3553(a) factors counsel against release. As explained in the Court's prior Order dated June 17, 2020, Defendant's sentence was below the guideline range when imposed. Defendant played a significant role in the Mumbai diamond fraud scheme that came at a significant cost to the victims, who will bear long-lasting harm. As observed at sentencing, Defendant was "a leader in the conspiracy" and "one of the people who conceived of [the] plot and planned it," and the Court determined that, based on the § 3553(a) factors, a term of 66 months' imprisonment was the just and reasonable sentence. The Court's assessment remains unchanged, as Defendant has served approximately seven months of his sentence only. As previously held, a reduction in Defendant's sentence would not accomplish the "need for the sentence imposed" "to reflect the seriousness of the offense and afford just punishment" and "to afford adequate deterrence to criminal conduct." *See, e.g.*, *U.S. v. Haney*, 19 Cr. 541, 2020 WL 1821988, at *7 (S.D.N.Y. Apr. 13, 2020) (denying a 61-year-old defendant's motion for compassionate release where release would reduce a 42-month sentence to nine months); *United States v. Zubiate*, No. 18 Cr. 442, 2020 WL 3127881, at *3 (S.D.N.Y. June 12, 2020) ("But the combination of the COVID-19 pandemic and Defendant's medical conditions does not overcome the fact that the dramatic reduction in sentence Defendant seeks here is inconsistent with the weight and force of the other § 3553(a) factors considered by the Court."); *United States v. Meiri*, 2020 WL 3605556, at *3 (S.D.N.Y. July 2, 2020) (denying compassionate release in part because the defendant had "as of now[] served a very short sentence

given the severity of his crimes").

Further, the "need to avoid unwarranted sentence disparities among similarly situated defendants" also weighs against release. As stated, Defendant's role was significant compared to those of the other defendants involved in the scheme. A reduction of his sentence, where a considerable amount of time remains on the sentence, would introduce disparities among the sentences of the defendants who played similar, or even less-significant, roles in the scheme. *Cf. U.S. v. Barajas*, 18 Civ. 736-04, 2020 WL 3976991, at *12 (S.D.N.Y. July 13, 2020) ("[T]he fact that [the defendant] has a short amount of time left in his sentence effectively minimizes any sentencing disparities between him and similarly situated defendants."). Particularly, Defendant Itzchaki, a co-defendant who helped Defendant Foozailov conceive of the fraud and received a similar sentence as Defendant, was recently denied compassionate release. *See United States v. Itzchaki*, No. 17 Cr. 262, Dkt. No. 644.

Accordingly, Defendant's motion is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 645.

Dated:  August 10, 2020
        New York, New York

                                                    _____
                                                    LORNA G. SCHOFIELD
                                                    UNITED STATES DISTRICT JUDGE

3