UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :      17 Cr. 262 (LGS)
            -against-                                       :
                                                            :      ORDER
ALBERT FOOZAILOV,                                           :
                                              Defendant.    :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Albert Foozailov, an inmate at FCI Miami, filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), *see* Dkt. No. 661, following the denial of his prior motion for compassionate release on June 17, 2020, *see* Dkt. No. 639. Defendant previously moved for reconsideration of the initial motion, which was denied on August 10, 2020. *See* Dkt. No. 648. On January 29, 2021, the Government filed an opposition to Defendant's second motion, arguing *inter alia* that Defendant has not exhausted his administrative remedies with respect to the new bases underlying his second motion. *See* Dkt. No. 663.

WHEREAS, on September 28, 2018, Defendant pleaded guilty to conspiracy to commit mail fraud. On October 10, 2019, Defendant was sentenced to sixty-six months' imprisonment. *See* Dkt. No. 550. Defendant surrendered to FCI Miami on January 8, 2020, and at the time of the July and August Orders denying compassionate release, Defendant had served around five and seven months of his 66-month incarceratory sentence, respectively.

WHEREAS, under § 3582(c)(1)(A), a defendant may request compassionate release upon his own motion only if (1) he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) thirty days have "lapse[d] . . . from the receipt of such a request by the warden of the defendant's facility." This Court has previously concluded that if a defendant seeks compassionate release where the BOP has

not filed a motion in support, § 3582(c)(1)(A)'s exhaustion requirement is mandatory.  *See United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 1685812, at *1 (S.D.N.Y. Apr. 7, 2020).

WHEREAS, Defendant's second motion for compassionate release argues that changed circumstances, including with respect to his health and the conditions at FCI Miami, warrant a sentence reduction.  *See* Dkt. No. 661.  Defendant has exhausted his administrative remedies with respect to the bases underlying his first motion, which was adjudicated, but to be eligible for relief based on new circumstances, Defendant must first seek relief from the BOP.  *See, e.g.*, *United States v. Padilla*, No. 18 Cr. 454-6, 2021 WL 242463, at *2 (S.D.N.Y. Jan. 25, 2021) ("The Court also believes that as a separate motion, it requires a separate exhaustion of . . . administrative requirements."); *United States v. Nwankwo*, No. 12 Cr. 31, 2020 WL 7335287, at *1 (S.D.N.Y. Dec. 14, 2020) (holding that, assuming the renewed motion for compassionate release presented new bases -- as argued by the defendant -- exhaustion of the renewed request would be required).  It is hereby

**ORDERED** that Defendant's second motion for compassionate relief is denied without prejudice to filing a renewed motion, which the Court will address on the merits promptly if the administrative exhaustion requirement has been met.

The Clerk of Court is respectfully directed to close Dkt. No. 661.

Dated:  February 3, 2021
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**