```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :    17 Cr. 262 (LGS)
                -against-                                   :
                                                            :    ORDER
ALBERT FOOZAILOV,                                           :
                                        Defendant.          :
----------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant Albert Foozailov, an inmate at Federal Correctional Institution, Miami ("FCI Miami"), renews his second motion for compassionate release or, in the alternative, a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 672). His prior motion was denied for failure to exhaust his administrative remedies. (Dkt. No. 666). The Government filed an opposition on March 9, 2021. (Dkt. No. 675). Defendant filed updates on March 14, 2021, (Dkt. No. 676); March 19, 2021, (Dkt. No. 682); April 6, 2021, (Dkt. No. 687); and April 11, 2021, (Dkt. Nos. 690 & 691). The Government filed updates on March 18, 2021, (Dkt. No. 681); March 31, 2021, (Dkt. No. 684); and April 9, 2021, (Dkt. No. 689).

      WHEREAS, on September 28, 2018, Defendant pleaded guilty to conspiracy to commit mail fraud. On October 10, 2019, Defendant was sentenced to sixty-six months' imprisonment and one year of supervised release. (Dkt. No. 550). Defendant surrendered to FCI Miami on January 8, 2020. Defendant represents that -- based on credits for time served and good behavior -- his current projected release date is September 13, 2023. He anticipates that his sentence could be reduced by an additional year based on his participation in the Residential Drug Abuse Program at FCI Miami.

      WHEREAS, in June 2020, Defendant's first motion for compassionate release was denied because extraordinary and compelling circumstances did not warrant releasing Defendant after he

served only six months of his sixty-six-month sentence. (Dkt. No. 639). Defendant filed a motion for reconsideration of that Order, which was denied. (Dkt. No. 648).

**Extraordinary and Compelling Circumstances**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

WHEREAS, when assessing a motion for compassionate release brought by a defendant, district courts have the discretion "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, Defendant bears the burden of proving that "extraordinary and compelling reasons" warrant a sentence reduction. *See United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

WHEREAS, the Centers for Disease Control and Prevention ("CDC") has stated that people of any age with certain underlying medical conditions are at an increased risk for severe illness from the virus that causes COVID-19. Asthma, hypertension and obesity might increase an adult's risk of severe illness due to COVID-19. *See COVID-19: People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 10, 2021). Courts have also recognized that individuals in confinement settings may be at "heightened risk of contracting COVID-19." *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. Mar. 19, 2020).

WHEREAS, Defendant suffers from the following medical conditions, which may affect his susceptibility to the risks of COVID-19: asthma, hypertension and obesity. Defendant received an initial dose of the COVID-19 vaccine and was scheduled to receive a second dose at the end of April 2021.

WHEREAS, Defendant has a history of vision problems and for which he has, at times, experienced difficulties in receiving medical care from FCI Miami. Defendant used prescription eye drops prior to his incarceration, and upon providing this information to medical staff at FCI Miami he was told to buy over-the-counter eye drops, which were not as effective. Defendant waited a year to see an ophthalmologist after an optometrist recommended a referral, in part as a result of bureaucratic inefficiencies over which he had no control. Because of the deficiencies in his care, Defendant has declined medical procedures related to his vision problems out of fear that FCI Miami will be unable to provide him adequate aftercare.

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances to warrant immediate release. First, Defendant has received a vaccination for COVID-19, which has been shown to be effective at preventing serious cases of COVID-19. *See United States v. Kosic*, No. 18 Cr. 30, 2021 WL 1026498, at \*2 (S.D.N.Y. Mar. 17, 2021) (explaining that "courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that his health conditions weighing in favor of release are no longer extraordinary and compelling"). Second, as of May 4, 2021, FCI Miami has no positive cases of COVID-19 among inmates. *See COVID-19 Cases*, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited May 4, 2021). Courts have persuasively found that similar or worse conditions do not rise to the level of extraordinary and compelling circumstances warranting release. *See, e.g.*, *United States v. Torres*, No. 16 Cr. 500, 2021 WL 1131478, at \*3

3

(S.D.N.Y. Mar. 24, 2021) (holding extraordinary and compelling circumstances did not exist where prison had six inmates with active COVID-19 cases); *United States v. Maldonado*, No. 16 Cr. 285, 2021 WL 639069, at *4 (S.D.N.Y. Feb. 17, 2021) (holding extraordinary and compelling circumstances did not exist where prison had only one inmate currently testing positive for COVID-19 and noting defendant "would arguably encounter more COVID-19 infected persons if [he] were released to the community").

WHEREAS, Defendant has demonstrated the requisite extraordinary and compelling circumstances to warrant a sentence reduction. First, the harshness of Defendant's sentence was increased by the significant COVID-19 outbreak at FCI Miami. Defendant contends that COVID-19 infected nearly two-thirds of the inmates and staff at FCI Miami, and the Government does not contest this fact. Given Defendant's asthma, hypertension and obesity, he was forced to confront a significant threat of serious illness, along with the psychological toll that entailed. Several of Defendant's fellow inmates did not survive their COVID-19 infections. *See COVID-19 Cases*, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited May 4, 2021). Second, the lockdowns and restrictions that are necessary to ensure inmate safety at FCI Miami render Defendant's incarceration "far harsher and more punitive than the Court had anticipated at sentencing." *United States v. Rodriguez*, 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020). Third, Defendant's worsening vision problems and FCI Miami's treatment of those problems has also made Defendant's incarceration far harsher than anticipated at sentencing. Considering this evidence, Defendant has established that conditions at FCI Miami and his health constitute extraordinary and compelling circumstances for a reduction in sentence. *See United States v. Henareh*, No. 11 Cr. 93, 2021 WL 119016, at *4 (S.D.N.Y. Jan. 13, 2021) (finding severe outbreak at inmate's facility and health problems suffered by inmate's wife warranted a "modest" sentence

4

reduction).

**18 U.S.C. § 3553(a) Sentencing Factors**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) further requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment. These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

WHEREAS, the factors set forth in § 3553(a) support a modest reduction in sentence. The nature of circumstances of the offense has not changed -- Defendant participated in and was a leader of a multimillion-dollar fraud scheme, targeting actual victims who suffered significant harm as a result. Defendant's characteristics have changed. His vision problems have worsened. At sentencing, Defendant's vision problems were limited to his left eye. Now, Defendant's vision problems impact both of his eyes, and conditions have worsened for his left eye. The sentence Defendant is serving is materially harsher than the sentence imposed because of the unforeseen conditions impacting Defendant's incarceration. The psychological toll experienced as a result of Defendant's risk of contracting COVID-19, the restrictions imposed on inmates because of the pandemic and Defendant's difficulties in securing medical care for his vision problems have

enhanced the deterrent effect of his sentence.  *See Henareh*, 2021 WL 119016, at *5 (noting that increased risks of contracting COVID-19 and restrictions imposed on prisoners during the pandemic "may enhance the deterrent effect of prison sentences").  Balancing these changes and all the § 3553(a) factors, a slight reduction in Defendant's sentence is warranted.

WHEREAS, the extraordinary and compelling circumstances warrant a reduction of Defendant's sentence by twelve months.  This reduction is consistent with the § 3553(a) factors because of the increased harshness of the conditions of Defendant's imprisonment arising from his vision problems and the COVID-19 pandemic.  It is hereby

**ORDERED** that for the reasons stated above, Defendant's motion for a sentence reduction is granted in part, and his sentence is modified to reduce the term of imprisonment from sixty-six months to fifty-four months.  All other aspects of his sentence remain in full force and effect.  Nothing in this Order precludes or limits the Director of the Bureau of Prisons from reducing Defendant's sentence pursuant to 18 U.S.C. § 3621(e)(2)(B) or adjusting the conditions of Defendant's confinement pursuant to 18 U.S.C. § 3624(c).

The Clerk of Court is respectfully directed to close docket number 672.

Dated:  May 11, 2021
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**